**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| FEDERICO CANNON,<br>            Petitioner,<br><br>            v.<br><br>UNITED STATES,<br>            Respondent. | No. 3:21-cv-605 (SRU) |

<u>**ORDER ON MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255**</u>

Federico Cannon ("Cannon") has filed a motion to vacate his conviction and set aside the

Court's judgment pursuant to 28 U.S.C. § 2255. Doc. No. 1. For the reasons I set forth below, his

motion is **denied**.

**I.        Procedural History**

On May 31, 2012, Cannon was indicted with one count of possession of a firearm and

ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United*

*States v. Cannon*, Dkt. No. 3:12-cr-00122-SRU-1 ("*Cannon I*"), Doc. No. 9. A jury trial was held

in May 2013. *See Cannon I*, Docs. No. 147, 148, 149. The jury issued a verdict of guilty on May

22, 2013. *Cannon I*, Doc. No. 132. On July 16, 2014, the Court entered judgment, sentencing

Cannon to 70 months of imprisonment, followed by 3 years of supervised release, and a special

assessment of $100. *Cannon I*, Doc. No. 233. Cannon appealed the judgment, and on February 1,

2016, the Second Circuit Court of Appeals affirmed the judgment. *Cannon I*, Doc. No. 248.

On August 8, 2017, Cannon was indicted for unlawful possession of a firearm by a felon,

in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Cannon*, Dkt. No.

3:17-cr-00174-SRU-1 ("*Cannon II*"), Doc. No. 4. On July 9, 2018, Cannon appeared before the

Court and pled guilty to the count for which he was indicted. *Cannon II*, Doc. No. 69. On

December 20, 2018, Cannon was sentenced for 84 months of imprisonment—60 months of

which was to be served for the conviction in *Cannon II*, and 24 months of which was to be

served for violating supervised release in *Cannon I*, with the sentences running consecutively.

*Cannon II*, Doc. No. 94. Cannon was also sentenced to 3 years of supervised release in *Cannon

II*, and a special assessment of $100. *Id*. Cannon did not appeal the sentence—neither under the

*Cannon I* case nor the *Cannon II* case.

On May 3, 2021, Cannon filed the instant motion to vacate and set aside his sentence

pursuant to section 2255. Doc. No. 1. Cannon argues that *Rehaif v. United States*, 139 S. Ct.

2191 (2019), voids his sentence. *Id*. at 1-2. In particular, he contends that when he entered his

guilty plea, the Court had not advised him "of an element of the offense to which he . . . pled

guilty,"—namely, the knowledge element of his 18 U.S.C. § 922(g) charge. *Id*.

## II.     Standard of Review

A section 2255 petition provides a prisoner in federal custody an opportunity to challenge

the legality of his or her sentence. To obtain relief under section 2255, a petitioner must show

that his prior sentence was invalid because: (1) "the sentence was imposed in violation of the

Constitution or the laws of the United States"; (2) the court lacked jurisdiction to impose the

sentence; (3) the sentence exceeded the maximum detention authorized by law; or (4) the

sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

The standard is stringent; even constitutional errors will not be redressed through a

section 2255 petition unless they have had a "substantial and injurious effect" that results in

"actual prejudice" to the petitioner. *Brecht v. Abrahamson*, 507 U.S. 619, 623, 637 (1993)

(internal citations omitted); *see also Underwood v. United States*, 166 F.3d 84, 87 (2d Cir. 1999)

(applying *Brecht*'s standard to section 2255 petitions). The petitioner bears the burden of proving

that he or she is entitled to relief by a preponderance of the evidence. *Blackmon v. United States*, 2019 WL 3767511, at *9 (D. Conn. Aug. 9, 2019) (citing *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000)).

A petitioner is barred from raising a claim on habeas review that was not properly raised on direct review unless the petitioner is able to show "cause and actual prejudice" or "actual[] innocen[ce]." *See Bousley v. United States*, 523 U.S. 614, 615 (1998) (internal citations and quotation marks omitted). A petitioner may, however, bring a claim of ineffective assistance of counsel that was not raised previously at trial or on appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

Under section 2255, a petitioner is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Mere generalities or hearsay statements will not normally entitle the applicant to a hearing. . . . The petitioner must set forth specific facts which he is in a position to establish by competent evidence." *Dalli v. United States*, 491 F.2d 758, 760–61 (2d Cir. 1974) (citations omitted). In the absence of supporting facts, the court may resolve a petitioner's claims without a hearing. *See id.* at 760–62.

## III.    Discussion

A section 2255 petition must be timely. Section 2255 imposes a one-year period of limitation. 28 U.S.C. § 2255(f). Under the statute, "[t]he limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* I will discuss each subsection in turn.

First, Cannon's petition is not timely under subsection one. "For the purposes of § 2255(f)(1), 'an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires.'" *Superville v. United States*, 771 F. App'x 28, 31 (2d Cir. 2019) (quoting *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam)). Pursuant to Federal Rule of Appellate Procedure 4(b), an appeal to a criminal judgment must be made "within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b). Accordingly, because no notice of appeal was filed after the Court's entry of judgment on December 20, 2018, that judgment became final on January 3, 2019. *See Cannon II*, Doc. No. 94. One year after January 3, 2019 is January 3, 2020. Thus, to be timely under subsection one, Cannon would have had to file his section 2255 petition challenging the December 20, 2018 judgment by January 3, 2020. Instead, he filed on May 3, 2021.

Regarding subsection two, Cannon does not supply any facts in his petition indicating that there was an "impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(f)(2).

Turning to subsection three, the right on which Cannon bases his section 2255 petition is the Supreme Court decision *Rehaif v. United States*, 139 S. Ct. 2191 (2019). That decision was issued on June 21, 2019. *Id*. One year from the date of that decision is June 21, 2020. Because

4

Cannon did not file his petition until May 3, 2021, his petition is not timely under subsection three.

Finally, regarding subsection four, Cannon does not point to any "facts supporting" his claim that only recently became discoverable. In this circuit, a "change in the law . . . [does] not create a new 'fact' for the purposes of § 2255(f)(4)." *Tellado v. United States*, 799 F. Supp. 2d 156, 163 (D. Conn. 2011), *aff'd*, 745 F.3d 48 (2d Cir. 2014).

Accordingly, Cannon's section 2255 petition is untimely. *See* 28 U.S.C. § 2255(f). His section 2255 petition is therefore **denied**.

## IV.    Conclusion

For the foregoing reasons, Cannon's section 2255 petition, doc. no. 1, is **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 21st day of December 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge